917 F.2d 1305
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph P. MOORE, Defendant-Appellant.
 No. 88-1788.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In April, 1988, Joseph P. Moore was found guilty by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 846, 841(a)(1). In his first appeal of the district court's denial of his motion for acquittal, Moore claimed ineffective assistance of counsel and questioned the constitutionality of the sentencing guidelines. Moore's brief raising those issues was returned to him by the Sixth Circuit because of a lack of compliance with the court's rules. Meanwhile, Moore changed counsel and submitted a new brief. As evidenced by the latest briefs and as agreed by the parties at oral argument, the only issue now on appeal is whether the evidence was sufficient to sustain Moore's conviction for conspiracy.
 
 
 2
 The underlying conspiracy was a drug ring which involved a number of young people headed by one Andre Morris. Morris and another youth clearly established by their own testimony that they were heavily involved in the drug distribution business. Thus, it is Moore's connection with the conspiracy which is at issue and not the conspiracy itself. In reviewing challenges to the sufficiency of the evidence, we view the evidence in a light that is most favorable to the government. See, e.g., United States v. Green, 548 F.2d 1261, 1266 (6th Cir.1977). We also note that only slight evidence of a connection is sufficient to support a conviction provided the jury is satisfied by that evidence that defendant was, beyond a reasonable doubt, aware of the conspiracy and knowingly acted in furtherance of its objectives. Id.
 
 
 3
 The evidence presented by the government leaves little doubt that Moore did in fact commit acts in furtherance of the conspiracy. On numerous occasions Moore paid for and assisted co-conspirators in obtaining the rental of cars that were subsequently used by co-conspirators to transport drugs between Detroit and Flint. Moore and co-conspirators used various rental agencies, switching the cars approximately once a week, allegedly to elude surveillance of the drug couriers. On one occasion, members of the conspiracy were arrested with rental agreements in their vehicle in an area known for the sale of cocaine. Moore himself spent approximately $14,000 on the rental of cars. In sum, the jury could have reasonably concluded that Moore acted in furtherance of the conspiracy's objectives.
 
 
 4
 The only question which remains is whether Moore knew what he was doing and knew about the existence of the conspiracy. In this respect, Moore's counsel argues that as an officer of the court the prosecution had a duty to call Morris, the conspiracy's leader who was also employed in Moore's store, to the stand. Morris was not a defendant in this case because he apparently plead to a charge earlier. At that time he indicated that Moore knew nothing about the drug related matters involved in the conspiracy. It is this testimony which counsel for defendant argues should have been presented by the prosecution during the trial. However, defendant's original counsel knew of Morris' position regarding Moore's involvement before trial and had full opportunity to call Morris to the stand.[1] As mentioned earlier, the ineffective assistance of counsel claim is no longer properly before us.
 
 
 5
 In support of the government's proof of Moore's knowledge, drug paraphernalia was found in Moore's store. It was for the jury to determine the credibility of Moore's assertion that the scales, one of the seized items,[2] were intended for the dispensing of ice cream rather than drugs. Furthermore, the government presented direct testimony by one of the co-conspirators as to conversations which took place in the presence of and also with Moore by which the jury could have reasonably believed that Moore was informed that the rental vehicles were being used to transport drugs. Lastly, Moore appears to have acted deceptively insofar as revealing the nature of his employment to the various car rental agencies from which he rented vehicles.
 
 
 6
 As a whole, the evidence was sufficient to support a jury finding of complicity and to support Moore's knowledgeable participation as a co-conspirator. Moore's able counsel points to the trial judge's comments at sentencing that Moore's involvement was much less than that of others. This much was properly reflected in the sentence but has nothing to do with the question of guilt which, we hold, was fully established. Accordingly, the district court properly denied Moore's motion for acquittal, and its judgment of conviction is AFFIRMED.
 
 
 
 [1]
 There was, therefore, no "suppression" of evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963)
 
 
 [2]
 Other seized items which are commonly used in the distribution of drugs included baking soda, microseals, and a Seal-A-Meal